UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULWINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN et al.,<br><br>Respondents. | No. 1:25-cv-02081-DAD-JDP<br><br>ORDER GRANTING IN PART PETITIONER'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 5) |

On January 7, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 5.) On the same day, the court issued an order directing respondents to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in: (1) *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025); (2) *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025); and (3) other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." (Doc. No. 6.) In their opposition, respondents contend that petitioner is detained under 8 U.S.C. § 1225(b)(2) and also state that "[t]here are only minor factual issues that distinguish this case from this Court's prior decisions in *O.A.C.S. v. Wofford*, No. 1:25-cv-01652 DAD CSK (HC) and *Perez v. Albarran*, 1:25-cv-1540 DAD-CSK (HC), such as the Petitioner's complete failure to check-in or inform

1

1    ICE of his whereabouts for two years, and his lack of a request for a bond hearing." (Doc. No. 8
2    at 5.)
3        First, for the reasons outlined in *O.A.C.S.* 2025 WL 3485221, at *3, the court concludes
4    that petitioner is presently subject to detention pursuant to § 1226(a). *See* (Doc. No. 8-2 at 2)
5    (order releasing petitioner on his own recognizance pursuant to § 236 of the INA on 9/19/2023);
6    *see also Oliveros v. Kaiser*, No. 25-cv-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18,
7    2025) ("[A]s a matter of statutory authority, the Government cannot simply switch tracks from §
8    1226(a) to § 1225(b)(2)") (internal quotation marks and citation omitted). Next, respondents have
9    failed to establish that petitioner presented a flight risk or danger to the community before re-
10   detaining him. The court is persuaded by the reasoning outlined in *Jimenez v. Bostock*, No. 3:25-
11   cv-00570-MTK, 2025 WL 2430381, at *7 (D. Or. Aug. 22, 2025) where the district court
12   concluded that re-detaining a petitioner without an individualized determination that re-detention
13   is justified violates the Due Process Clause of the Fifth Amendment.
14       Finally, the court is unconvinced by respondents' argument that petitioner's motion
15   should be denied because he failed to request a bond hearing before an immigration judge. The
16   court concludes that requiring petitioner to make such a request before initiating habeas
17   proceedings in federal court would be futile. *See Prem S. v. Warden of Golden State Annex Det.*
18   *Facility*, No. 1:25-cv-01869-TLN-SCR, 2025 WL 3724854, at *2 (E.D. Cal. Dec. 24, 2025)
19   ("First, it is clear any immigration judge and the BIA would accept § 1225(b)(2) applies to
20   Petitioner given the BIA's recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA
21   2025), which upheld the legal interpretation of § 1225(b)(2) that Respondents put forth.
22   Therefore, and in line with Ninth Circuit precedent, the Court will not subject Petitioner to a
23   fruitless exercise where this a predetermined outcome.").
24       Accordingly, for the reasons set forth above,
25       1.   Petitioner's motion for a temporary restraining order is hereby GRANTED in part
26            as follows:
27            a.   Respondents are ORDERED to immediately release petitioner from'
28                 custody;

Case 1:25-cv-02081-DAD-JDP   Document 9   Filed 01/12/26   Page 3 of 3

        b.      Respondents are ENJOINED and RESTRAINED from re-detaining petitioner, absent exigent circumstances, without providing petitioner notice and a pre-deprivation hearing before an immigration judge where respondents shall bear the burden of establishing that petitioner poses a risk of flight or danger to the community to justify his re-detention;

        c.      Petitioner's motion for a temporary restraining order requesting that the court prohibit respondents from transferring him out of this district or removing him from the country while his habeas proceedings are pending is denied as moot;

2. Under the circumstances of the case, petitioner will not be required to post a bond pursuant to Federal Rule of Civil Procedure 65(c); and

3. The parties are directed to meet and confer, and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of the entry of this order.

IT IS SO ORDERED.

Dated: **January 12, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3